NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DURAN WILLIAMS, | Civil No. 10-3469 (DMC) |
| Plaintiff, | |
| v. | OPINION |
| ARAMARK INC., | |
| Defendants. | |

APPEARANCES:

    DURAN WILLIAMS, #228179
    Hudson County Correctional Center, C-500-East
    35 Hackensack Avenue
    Kearny, NJ 07032

**CAVANAUGH**, District Judge:

Duran Williams, an inmate at Hudson County Correctional Center ("HCCC"), seeks to file a Complaint against Aramark, Inc. asserting violation of his constitutional rights under 42 U.S.C. § 1983. See 28 U.S.C. § 1915(b). This Court will grant Plaintiff's application to proceed in forma pauperis and collect the $350 filing fee by directing the Warden of HCCC to deduct installment payments in accordance with 28 U.S.C. § 1915(b). This Court has screened the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and, for the reasons explained below, will dismiss the Complaint for failure to state a claim upon which relief may be granted, without prejudice to the filing of an amended complaint within 30 days.

## I. BACKGROUND

Using a prisoner civil rights complaint form, Plaintiff sues Aramark, Inc., for "refus[ing] me my special diet, which is part of my culture, no red meat, which the Rev. Russell approved me for." (Docket Entry #1, p. 5.) Plaintiff asserts the following facts in his statement of claims:

> Since January 2010, the Aramark staff has been refusing to give me my special diet that I have gotten approved for. Due to my culture I don't eat red meat, which they still give me everyday. I have lost weight and haven't eaten in days on and off due to this. The lunch, breakfast, and dinner supervisors are responsible for this matter.

(Docket Entry #1, p. 6.)

For violation of his constitutional rights, Plaintiff seeks: "To make in what they are serving, which is red meat, and they say it's not, to show proof from the ing[redien]ts on the packages. To pay me for my pain & suffering of weight loss and stress due to not eating on plenty of days." (Docket Entry #1, p. 7.)

## II. STANDARD OF REVIEW

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

2

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts to conduct a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> To determine the sufficiency of a complaint under the [Iqbal] pleading regime . . . , a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Tp., 629 F. 3d 121, 130 (3d Cir. 2010) (footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III. DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to state a claim of liability under 42 U.S.C. § 1983.  See Iqbal, 129 S Ct. at 1947-48.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

In this case, Plaintiff sues Aramark for serving him red meat while he is confined at HCCC when the consumption of red meat is against his culture, and Rev. Russell approved Plaintiff for a diet free of red meat.  Since Plaintiff makes no allegations with respect to what function, if any, Aramark serves at HCCC, the Complaint does not assert facts showing that Aramark was acting under color of state law, as required to state a § 1983 claim.[2]  Moreover, it is

---

[2] For example, Plaintiff does not assert that Aramark is a private company that by contract oversees food preparation for inmates at HCCC.

4

not apparent what constitutional right Plaintiff contends Aramark violated, as an inmate has no constitutional right to a diet based on personal preference. See Johnson v. Horn, 150 F. 3d 276, 283 (3d Cir. 1998) ("If the cold kosher diet currently being provided satisfies kosher requirements, then the hot kosher diet which the Inmates suggest does not accommodate the Inmates any more 'fully'; it merely accommodates them in a more palatable manner. Taste, however, is not a relevant constitutional consideration), overruled on other grounds by DeHart v. Horn, 227 F. 3d 47, 55 (3d Cir. 2000). To the extent Plaintiff seeks to assert that a diet containing red meat violates the Free Exercise Clause of the First Amendment, the allegations are insufficient to state a claim. The Free Exercise Clause of the First Amendment prohibits prison officials from denying an inmate "a reasonable opportunity of pursuing his faith." See Cruz v. Beto, 405 U.S. 319, 322 & n.2 (1972). However, the mere assertion of denial of a culturally preferable diet does trigger violation of the Free Exercise Clause, since, if a prisoner's request is "not the result of sincerely held religious beliefs, the First Amendment imposes no obligation on the prison to honor that request." See Sutton v. Rasheed, 323 F. 3d 236, 250 (quoting DeHart v. Horn, 227 F. 3d 47, 52 (3d Cir. 2000)). Secular or cultural views are not protected by the Free Exercise Clause, and "[o]nly beliefs which are both sincerely held and religious in nature are protected under the First Amendment." Sutton, 323 F. 3d at 251 (citation and internal quotation marks omitted). Thus, to state a claim under the Free Exercise Clause, the facts alleged must support a finding that a prisoner's request for a special diet is based on his own sincerely held religious belief. Id.

In this Complaint, Plaintiff does not assert facts showing that he has any sincerely held religious beliefs, and he does not assert facts showing that the Aramark company, or its

5

policymaking official, interfered with his exercise of his sincerely held religious beliefs. Because the Complaint does not set forth any non-conclusory allegations establishing that defendant is liable under 42 U.S.C. § 1983, this Court will dismiss the Complaint for failure to state a claim. However, because Plaintiff may be able to remedy the factual deficiencies by filing an amended complaint (naming additional or different defendants) which sets forth non-conclusory facts satisfying the Iqbal standard, this Court will grant Plaintiff 30 days to file an amended complaint that is complete on its face.[3]

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Plaintiff's application to proceed in forma pauperis and dismiss the Complaint without prejudice.

DENNIS M. CAVANAUGH, U.S.D.J.

Dated: 5/20, 2011

---

[3] To establish that a person is liable under § 1983 as defendant, "a plaintiff must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. "Government officials may not be held liable for the unconstitutional conduct of their subordinates," and supervisors cannot be found liable for knowledge and acquiescence in their subordinates' misbehavior. Id. at p. 1948-49. And an entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of [an entity's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the . . . . entity is responsible under § 1983." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). To state a § 1983 claim against an entity, a complaint "must identify a custom or policy, and specify what exactly that custom or policy was," McTernan v. City of York, PA, 564 F. 3d 636, 658 (3d Cir. 2009), and specify facts showing a "direct causal link between a . . . policy or custom and the alleged constitutional deprivation," Jiminez v. All American Rathskeller, Inc., 503 F. 3d 247, 249 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).